IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>IFS Securities, Inc.,<br>                  Debtor. | Chapter 11<br><br>Case No. 20-65841-lrc |

**EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF ORDER
(A) AUTHORIZING MAINTENANCE OF BANK ACCOUNT AND
CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS
AND (B) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by this Motion (the "**Motion**") and pursuant to sections 105, 345, 363, 364, 553, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the investment and deposit guidelines (the "**Guidelines**") promulgated by the Office of the United States Trustee, seeks entry of order: (a) authorizing the maintenance of bank account and continued use of existing business forms and checks; (b) waiving certain of the Operating Guidelines and Reporting Requirements established by the United States Trustee for the Northern District of Georgia; and (c) providing any additional relief as is necessary to effectuate the foregoing. In support of this Motion, the Debtor respectfully states as follows:

**Status of the Case**

1.      On April 24, 2020 (the "**Petition Date**"), the Debtor commenced this case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtor has continued in possession of its property and is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in this Chapter 11 Case.

### Jurisdiction, Venue and Statutory Predicates

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are sections 105(a), 363, 364, 553, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h) and Local Rule 2015-2.

### Background

6. The Debtor was a successful broker-dealer, with thousands of customers, until the summer of 2019. At that time, a firm employee, Keith Wakefield, made a series of unauthorized trades which resulted in large losses to IFS. As a result, the Debtor no longer has any customers, and is in the process of liquidating its assets. The Debtor has filed this Chapter 11 Case to effectuate an orderly liquidation.

7. A detailed factual background of the Debtor's business and operations, as well as the events precipitating the commencement of the Chapter 11 Case, is more fully set forth in the *Declaration of Marshall Glade in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**A.    The Debtor's Bank Account**

8. Prior to the commencement of this Chapter 11 Case, and in the ordinary course of business, the Debtor maintained a bank account (collectively, the "**Bank Account**") at Renasant Bank.

9. The Debtor's transition into chapter 11 will be significantly less disruptive if the Bank Account is maintained following the commencement of the Chapter 11 Case with the same account number and, where applicable, automated relationship. The Debtor further requests authority to deposit funds in and withdraw funds from the Bank Account postpetition, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, ACH, electronic funds transfers and other debits and to treat the Bank Account for all purposes as a debtor-in-possession account.

**B.    Existing Business Forms and Checks**

10. In the ordinary course of business, the Debtor uses pre-printed check stock with the Debtor's name printed thereon. In addition, the Debtor maintain pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials and other business forms (collectively, along with the Debtor's checks, the "**Business Forms**"). To minimize administrative expense and delay, the Debtor requests authority to continue to use its Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's "Debtor-in-Possession" status.

<u>**Relief Requested**</u>

11. By this Motion, the Debtor seeks an order: (a) authorizing the maintenance of Bank Account and continued use of existing Business Forms; (b) waiving certain of the investment and deposit Guidelines set forth by the Office of the United States Trustee; and (c) providing any additional relief required in order to effectuate the foregoing. The relief requested herein will help ensure the Debtor's smooth transition into chapter 11.

12. The Debtor reserves the right, in its sole discretion, to close or otherwise modify the terms of the Bank Account and open a new debtor-in-possession account as may be necessary to facilitate the Chapter 11 Case and operations, or as may otherwise be necessary to

3

comply with the requirements of any debtor-in-possession financing and/or cash collateral order entered in these Chapter 11 Case.

## Basis for Relief Requested

**A.     The Debtor Should be Permitted to Maintain Its Bank Account**

13.    Bankruptcy Code section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105(a) is intended "to assure the bankruptcy courts['] power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2-105 COLLIER ON BANKRUPTCY ¶ 105.01 (15th ed. 2015). The relief requested in this Motion is necessary to preserve business continuity and to lessen the likelihood of disruption to the Debtor's operations, and is in the best interests of the Debtor's creditors. The Debtor respectfully submits that relief under section 105(a) is warranted under these circumstances.

14.    Additionally, section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

15.    In other cases in this District, this Court has granted relief substantially similar to that requested in this Motion. *See, e.g., In re Jack Cooper Ventures, Inc.*, Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Sept. 3, 2019) [Docket No. 215]; *In re Beaulieu Group, LLC*, Case No. 17-41677 (MGD) (Bankr. N.D. Ga. July 18, 2017) [Docket No. 34]; *In re Astroturf, LLC*, Case No. 16-41504 (MGD) (Bankr. N.D. Ga. June 30, 2016) [Docket No. 34]; *In re S. Reg'l Health Sys., Inc.*, Case No. 15-64266 (WLH) (Bankr. N.D. Ga. Aug. 11, 2015) [Docket No. 67]; *In re Cagle's, Inc.*, Case No. 11-80202 (JB) (Bankr. N.D. Ga. Oct. 20, 2011) [Docket No. 31]; *In re AtheroGenics, Inc.*, Case No. 08-78200 (JEM) (Bankr. N.D. Ga. Oct. 16, 2008) [Docket No. 54];

*In re Centennial HealthCare Corp.*, Case No. 02-74974 (JEM) (Bankr. N.D. Ga. Dec. 24, 2002) [Docket No. 43].

16. The Debtor hereby requests authority to maintain the Bank Account. The Debtor does not believe that allowing it to do so will prejudice any party-in-interest or its estate. If the relief requested herein is granted, the Debtor will not pay any debts incurred before the Petition Date unless specifically authorized by this Court.

17. Moreover, if the Debtor is forced to close its Bank Account, the Debtor expects that there would be disruption and confusion that would negatively impact its operations. For instance, funds may be deposited into the wrong account, misapplied, held in limbo or otherwise delayed. As a result, the Debtor submits that maintenance of the existing Bank Account is warranted.

18. Subject to section 553 of the Bankruptcy Code, the bank that maintains the Bank Account should be prohibited from offsetting, affecting, freezing or otherwise impeding the Debtor's use of any funds deposited in the Bank Account on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of the Court.

**B.     The Debtor Should be Permitted to
Continue Using Existing Business Forms**

19. The Debtor requests that the Court authorize it to use all correspondence and Business Forms existing immediately before the Petition Date without reference to the Debtor's status as a "debtor-in-possession." As of the Petition Date, the Debtor has a stock of Business Forms that it uses in the ordinary course of business. Reprinting its Business Forms to indicate that the Debtor is a "Debtor-in-Possession" would impose an unnecessary burden and expense on the Debtor. There is little doubt that the Debtor's creditors will become aware that it is a chapter 11 debtor-in-possession, as they will receive notice of the case filing.

**C.    Bankruptcy Rule 6003 Is Satisfied and Request for Waiver of Stay**

20.    The Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein and in the First Day Declaration, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

21.    Specifically, Bankruptcy Rule 6003 provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001 . . . .

Fed. R. Bankr. P. 6003.

22.    Here, the Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm.

23.    The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtor's efforts to maximize its returns to creditors.

24.    Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rules 6003 and 6004(h).

6

**Consent to Jurisdiction**

25.  The Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Notice**

26.  Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the Northern District of Georgia; (b) creditors holding the twenty largest unsecured claims as set forth in the consolidated list filed with the Debtor's petitions; (c) those parties requesting notice pursuant to Bankruptcy Rule 2002; (d) the Office of the United States Attorney for the Northern District of Georgia; (e) the Offices of the Secretary of the Commonwealth of Pennsylvania and the Secretary of State of Georgia; (f) the Internal Revenue Service; (g) the Georgia Department of Revenue and the Pennsylvania Department of Revenue, and (h) Renasant Bank.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

27.  No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

[Signature page follows]

|  |  |
|---|---|
| Dated: April 27, 2020 | GREENBERG TRAURIG, LLP |
|  | */s/ John D. Elrod* |
|  | John D. Elrod |
|  | 3333 Piedmont Road, NE, Suite 2500 |
|  | Atlanta, Georgia 30305 |
|  | Telephone: (678) 553-2259 |
|  | Facsimile: (678) 553-2269 |
|  | Email: elrodj@gtlaw.com |
|  | |
|  | *Proposed Counsel for the Debtor and Debtor-in-Possession* |