**IT IS ORDERED as set forth below:**

**Date: May 1, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| IFS Securities, Inc., | Case No. 20-65841-LRC |
| Debtor. | |

**ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNT AND
CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS
AND (B) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") seeking entry of an order: (a) authorizing the maintenance of the Debtor's existing Bank Account and continued use of existing Business Forms and checks and (b) waiving certain of the investment and deposit Guidelines promulgated by the Office of the United States Trustee; and upon the First Day Declaration; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ACTIVE 50245996v1

U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  For the reasons set forth on the record, the Motion is GRANTED as set forth herein.

2.  The Debtor is authorized, but not directed, to maintain and use its existing bank accounts at Renasant Bank (each, a "**Bank Account**", and collectively, the "**Bank Accounts**") in the name and with the account number existing immediately prior to the Petition Date; provided, however, that the Debtor shall keep the balance of each Bank Account below $250,000.

3.  The requirements provided in 11 U.S.C. § 345(b) are hereby waived as to the Bank Accounts.

4.  The Debtor is authorized, but not directed, to deposit funds in and withdraw funds from the Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Account for all purposes as a debtor-in-possession account.

5.  The Debtor is authorized to continue to use their checks, correspondence and Business Forms including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's debtor-in-possession status, provided that the Debtor will add the "Debtor-in-Possession" designation to any new checks that it obtains or creates postpetition.

*ACTIVE 50245996v1*

6. Renasant Bank and any and all other financial institutions receiving or transferring funds from the Debtor is hereby authorized and directed to continue to service and administer the Bank Accounts of the Debtor as a debtor-in-possession account without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of this Chapter 11 Case, except as otherwise provided by further order of this Court.  In no event shall any of the banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

7. The Debtor shall retain the authority to close or otherwise modify its Bank Accounts and open a new debtor-in-possession account as it deems necessary to facilitate the Chapter 11 Case.  In the event that the Debtor opens any additional bank accounts or close any current or additional bank accounts, such opening or closing shall be timely indicated on the Debtor's monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for the Northern District of Georgia.

8. Subject to section 553 of the Bankruptcy Code, Renasant Bank is prohibited from offsetting, affecting, freezing or otherwise impeding the Debtor's use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of this Court.

9. The Debtor is authorized, but not directed, to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Bank Account and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited

with the banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtor and Renasant Bank (collectively, the "**Bank Account Claims**"). In the course of maintaining the Bank Accounts for the Debtor, Renasant Bank is authorized, without further Order of this Court, to continue to deduct from the Bank Account, the Bank Account Claims incurred in connection with the Bank Accounts.

10. Any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date) and any and all banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

11. The Debtor is authorized to request Renasant Bank, and Renasant Bank is authorized to accept and honor all representations from the Debtor, as to which checks, drafts, wires or ACH transfers should be honored or dishonored whether Renasant Bank believes the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the Petition Date.

12. Renasant Bank is authorized to debit the Debtor's account in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's account which are cashed at Renasant Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtor's account with Renasant Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all

undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Renasant Bank as service charges.

13. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

14. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

###END OF ORDER ###

Prepared and presented by:

GREENBERG TRAURIG, LLP

/s/ John D. Elrod
John D. Elrod  (Georgia Bar No. 246604)
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2259
Facsimile:   (678) 553-2269
Email:  elrodj@gtlaw.com
*Proposed Counsel for the Debtor and*
*Debtor-in-Possession*

No opposition by:

/s/ Jonathan Adams
Jonathan Adams (Georgia Bar No. 979073)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building & U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 331-4437

ACTIVE 50245996v1

## **DISTRIBUTION LIST**

John D. Elrod
Greenberg Traurig, LLP
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305

Jonathan Adams
Office of the United States Trustee
362 Richard Russell Building & U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303