# Exhibit 1

# Definitions

The following terms used herein shall have the respective meanings defined below:

1.1     ***Administrative Claim*** means a Claim for payment of an expense or cost of a kind specified in Bankruptcy Code Section 503(b) and referenced in Bankruptcy Code Sections 507(a)(2), 507(b) or 1114(e)(2)(if any) including, the actual, necessary costs and expenses of preserving the Estate and operating the businesses of the Debtor, including wages, taxes incurred by the Estate and Allowed as administrative expenses, and salaries, or commissions for services rendered after the commencement of this Chapter 11 Case; ***provided, however***, the term does not include U.S. Trustee Fees, which are treated separately in this Plan.

1.2     ***Affiliate*** means an affiliate, as defined by Bankruptcy Code Section 101(2).

1.3     ***Allowed*** means, with reference to any Claim and except as otherwise expressly set forth in this Plan, (i) a Claim (a) listed in the Schedules and not described on the Schedules as zero, disputed, unliquidated or contingent or (b) described in a timely Filed proof of claim and, in each case, as to which no objection or request for estimation has been Filed on or before any deadline therefor set by the Bankruptcy Court or the expiration of such other applicable period fixed by the Bankruptcy Court or this Plan; or (ii) a Claim that is allowed (a) by a Final Order, (b) by an agreement between the holder of such Claim and the Liquidating Trustee or (c) pursuant to the terms of this Plan.  An Allowed Claim (i) includes a disputed Claim to the extent such disputed Claim becomes Allowed after the Effective Date and (ii) shall be net of any valid setoff or recoupment exercised with respect to such Claim pursuant to the provisions of the Bankruptcy Code and applicable law. Unless otherwise specified in this Plan, in Bankruptcy Code Section 506(b) or by Final Order of the Bankruptcy Court, "Allowed" Claims shall not, for purposes of distribution under this Plan, include costs of collection or interest on such Claim accruing from and after the Petition Date.

1.4     ***Assets*** means all assets and property of the Debtor of any nature whatsoever, including, all property of its Estate pursuant to Bankruptcy Code Section 541, Avoidance Action Recoveries, Cash, Causes of Action, equipment, General Litigation Recoveries, inventory, tax refunds, claims of right, interests and property, real and personal, tangible and intangible, and proceeds of any of the foregoing, including without limitation, proceeds of the sale of any Assets pending disbursement. For purposes of distributions under this Plan "Assets" shall not include any Assets subject to restrictions that are inconsistent with the use of those Assets to satisfy Claims; the Liquidating Trustee shall dispose of such Assets, if any, in accordance with applicable non-bankruptcy law.

1.5     ***Avoidance Action Recoveries*** means any funds received from the prosecution, settlement or other disposition of any Avoidance Actions.

1.6     ***Avoidance Actions*** means any claims or causes of action held by the Debtor or its Estate pursuant to 11 U.S. Sections 542, 544, 545, 547, 548, 550 or 553, provided, for the avoidance of doubt, Avoidance Actions shall not include any causes of action that constitute General Litigation Claims.

1.7  ***Ballots*** shall mean those ballots cast by the holders of Claims who are entitled to vote in favor or against the Plan.

1.8  ***Bankruptcy Code*** means chapter 11 of title 11 of the United States Code, as now in effect or hereafter applicable to this Chapter 11 Case.

1.9  ***Bankruptcy Court* or *Court*** means the United States Bankruptcy Court for the Northern District of Georgia or any successor thereto that may be established by any act of Congress, or otherwise, and which has competent jurisdiction over the Chapter 11 Case or this Plan.

1.10  ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure, as amended, and the local rules of the Court, as applicable to this Chapter 11 Case.

1.11  ***Budget*** has the meaning specified in the Final DIP Order.

1.12  ***Business Day*** means any day of the calendar week, except Saturday, Sunday, a "legal holiday," as defined in Bankruptcy Rule 9006(a), or any day on which commercial banks are authorized or required by law to close in Atlanta, Georgia.

1.13  ***Cash*** means cash and cash equivalents including, checks and wire transfers.

1.14  ***Cause of Action*** means any cause of action or claim held by the Debtor, the Estate, the Trust or any of them of any nature or type whatsoever, at law or in equity, against any person or entity, including any Avoidance Action and General Litigation Claim.

1.15  ***Chapter 11 Case*** means the above-captioned case.

1.16  ***Claim*** means a claim, as defined by Bankruptcy Code Section 101(5), against the Debtor or its Assets, whether or not asserted.

1.17  ***Class*** means a class or category of Claims as classified and described in **Section 3** of this Plan.

1.18  ***Confirmation Date*** means the date on which the clerk of the Court enters the Confirmation Order on the Court's docket.

1.19  ***Confirmation Hearing*** means the hearing on confirmation of this Plan pursuant to Bankruptcy Code Section 1129.

1.20  ***Confirmation Order*** means the order entered by the Court confirming this Plan in accordance with the Bankruptcy Code.

1.21  ***Cramdown*** means the confirmation of this Plan pursuant to Bankruptcy Code Section 1129(b) notwithstanding any rejection by an impaired Class or Classes of holders of Claims or Interests of this Plan.

1.22  ***Creditor*** means a holder of a Claim.

2

1.23 ***Debtor*** means IFS Securities, Inc., debtor and debtor in possession, and includes the Estate, where appropriate.

1.24 ***Disclosure Statement*** means the Disclosure Statement with respect to this Plan, as altered, modified, or amended in accordance with the Bankruptcy Code and the Bankruptcy Rules.

1.25 ***Distribution Record Date*** means the Confirmation Date, unless a different date is designated by the Confirmation Order or other order of the Bankruptcy Court.

1.26 ***District Court*** means the United States District Court for the Northern District of Georgia and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom, or any successor thereto.

1.27 ***Effective Date*** means two (2) days after the date on which each of the conditions to this Plan's Effective Date set forth herein has either been satisfied or waived in accordance with this Plan.

1.28 ***Estate*** means the estate of the Debtor created by the Debtor's Chapter 11 Case pursuant to Bankruptcy Code Section 541.

1.29 ***Exculpated Claim*** means any claim related to any act or omission in connection with, relating to or arising out of the Debtor's prepetition debts or affairs, in or out of court restructuring efforts, the Chapter 11 Case, formulation, preparation, dissemination, negotiation or filing of the Disclosure Statement or this Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement or this Plan, the filing of the Chapter 11 Case, the disposition of the Assets, the pursuit of confirmation of this Plan, the administration and implementation of this Plan, or the distribution of property under this Plan or any other related agreement; ***provided***, ***however***, that Exculpated Claims shall not include (i) any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct or fraud and (ii) any claim against Keith Wakefield or any insurance policy or fidelity bond providing coverage for the actions of Keith Wakefield. For the avoidance of doubt, no Cause of Action, obligation or liability specifically identified in or preserved by this Plan, the Disclosure Statement, or the Plan Supplement constitutes an Exculpated Claim.

1.30 ***Exculpated Party*** means each of: (i) the Debtor, (ii) the directors and officers of the Debtor, (iii) any Affiliates of the Debtor, (iv) the Liquidating Trustee, solely in his capacity as Liquidating Trustee, and (v) the Debtor and Liquidating Trustee's professionals; ***provided***, ***however***, that Keith Wakefield shall not be an Exculpated Party.

1.31 ***Existing Debtor-Held Funds*** means any funds held by the Debtor as of the Effective Date.

1.32 ***File*** or ***Filed*** means properly filed with the clerk of the Bankruptcy Court in the Chapter 11 Case, as reflected on the official docket of the Bankruptcy Court for the Chapter 11 Case.

3

1.33     *Final Order* means an order or judgment of the Bankruptcy Court or any other court of competent jurisdiction that has not been reversed, vacated, or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for stay, new trial, reargument, or rehearing shall then be pending or (b) if an appeal, writ of certiorari, stay, new trial, reargument, or rehearing has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied, or a stay, new trial, reargument, or rehearing shall have been denied or resulted in no modification of such order, and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under Bankruptcy Code Section 502(j), Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure may be, but has not been, filed with respect to such order shall not cause such order not to be a Final Order.

1.34     *General Litigation Claims* means any pre- or post-petition claims or causes of action held by the Debtor or its Estate that are not expressly released by this Plan *provided*, for the avoidance of doubt, General Litigation Claims shall not include any causes of action that constitute Avoidance Actions.

1.35     *General Litigation Recoveries* means any funds received from the prosecution, settlement or other disposition of any General Litigation Claims.

1.36     *Impaired* means, with respect to any Class, that such Class is "impaired" under this Plan within the meaning of Bankruptcy Code Section 1124.

1.37     *Interest* means the interest of any holder of an equity security of the Debtor, within the meaning of Bankruptcy Code Section 101(16), (17), represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership or membership interest in the Debtor, or any membership interest in any of the Debtor, whether or not transferable, or any option, warrant, or right, contractual or otherwise, to acquire any such interest, including a partnership, limited liability company or similar interest in the Debtor.

1.38     *Liquidating Trustee* means the Person so designated by the Debtor and approved by the Court in the Confirmation Order for purposes of administering and consummating this Plan, including service as trustee for the Trust, and any successor appointed pursuant to this Plan. The proposed initial Liquidating Trustee shall be Marshall Glade.

1.39     *Person* means an individual, corporation, partnership, limited liability company, joint venture, association, joint stock company, trust, estate, unincorporated organization, governmental unit, government (or agency or political subdivision thereof), or other entity, including, the Debtor.

1.40     *Petition Date* means April 24, 2020.

1.41     *Plan* means this Plan of Liquidation, as altered, modified, or amended in

4

accordance with the Bankruptcy Code and the Bankruptcy Rules.

      1.42    ***Plan Documents*** means this Plan, the Plan Supplement, the Disclosure Statement, the Trust Agreement, and all exhibits and schedules attached thereto, either in their present form or as each may be amended, supplemented, or otherwise modified from time to time.

      1.43    ***Plan Supplement*** means the compilation of documents and forms of documents, schedules, and exhibits to this Plan to be filed not less than fifteen days prior to the date on which the Confirmation Hearing is commenced, including: the disclosure of the Liquidating Trustee, a notice address for the Liquidating Trustee, the proposed compensation for the Liquidating Trustee, the form of proposed Liquidation Trust Agreement, a form of proposed Confirmation Order and related documents as necessary or desirable to implement the terms of this Plan.  The Plan Supplement may also include technical changes to this Plan as submitted by the Debtor.

      1.44    ***Priority Tax Claim*** means a Claim of a governmental unit of a kind entitled to priority under Bankruptcy Code Section 507(a)(8).

      1.45    ***Professionals*** means all professionals employed in this Chapter 11 Case pursuant to Bankruptcy Code Sections 327 or 1103.

      1.46    ***Schedules*** means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor as required by Bankruptcy Code Section 521 and Bankruptcy Rule 1007, as amended or supplemented through the Effective Date.

      1.47    ***Secured Claim*** means a Claim of a Creditor that is secured by property of the Estate, to the extent such Claim has a non-avoidable security interest in the underlying collateral, and in each case solely to the extent of the value of the Creditor's interest in the Estate's interest in such property, as provided in Bankruptcy Code Section 506(a).  Subject to the same conditions, Secured Claim also means a Claim of a creditor that is subject to setoff under Bankruptcy Code Section 553, to the extent of the amount subject to setoff, as provided in Bankruptcy Code Section 506(a).  Secured Claims include, but are not limited to, obligations to capital equipment lessors to the extent they possess the attributes set forth in this **Section 1.52**.

      1.48    ***Secured Tax Claim*** means any Secured Claim that, absent its secured status, would be entitled to priority in right of payment under Bankruptcy Code Section 507(a)(8) (determined irrespective of any time limitations therein), and including any related Secured Claim for penalties.

      1.49    ***Subordinated Claim*** means a Claim subordinated to Unsecured Claims under Bankruptcy Code Section 510 or by the terms of an agreement enforceable under applicable law.

      1.50    ***Trust*** means the trust established on the Effective Date pursuant to this Plan to hold the Assets.

      1.51    ***Trust Agreement*** means the form of trust agreement set forth in the Plan Supplement to be executed on the Effective Date to establish the Liquidation Trust.

      1.52    *Trust Assets* means the Assets.

      1.53    *Trust Beneficial Interest* means a beneficial interest in the Liquidation Trust.

      1.54    *Unimpaired* means, with respect to any Class, that such Class is not Impaired.

      1.55    *Unsecured Claim* means a Claim that is (a) not secured by property of the Estate or otherwise entitled to treatment as a Secured Claim under Bankruptcy Code Section 506, (b) is not otherwise entitled to priority under Bankruptcy Code Sections 503 or 507, and (c) is not otherwise an Administrative Claim, Priority Tax Claim, DIP Claim, claim for U.S. Trustee Fees, Secured Tax Claim, Secured Claim, Unsecured Priority Claim, Subordinated Claim or Intercompany Claim.  Unsecured Claims include, without limitation, Claims arising from the rejection of executory contracts and unexpired leases that are not otherwise Secured Claims, and any Claim arising prior to the Petition Date asserted or which can be asserted against the Debtor on account of or related to the Debtor's purported liability resulting either from the provision of medical services, including personal injury or wrongful death claims, or any other personal injury or worker's compensation claim.

      1.56    *Unsecured Priority Claim* means a Claim that is not secured by property of the Estate or otherwise entitled to treatment as a Secured Claim under Bankruptcy Code Section 506, but is entitled to priority under Bankruptcy Code Sections 507(a)(4) or 507(a)(5).

      1.57    *U.S. Trustee Fees* means all fees and charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930 of the United States Code.