IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>IFS SECURITIES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-65841-LRC |

**REPLY TO JOINT OBJECTION OF OBJECTING CREDITORS AND
IN SUPPORT OF MOTION OF INTL FCSTONE FINANCIAL, INC.
FOR RELIEF FROM THE AUTOMATIC STAY[1]**

INTL FCStone Financial, Inc., ("INTL"), by and through undersigned counsel, hereby files this reply (this "Reply") to the *Joint Objection by Creditor R. Bryan Edwards and Craig Walker to the Motion for Relief from Automatic Stay Filed by INTL FCStone Financial, Inc.* (Doc. 45) (the "Objection") jointly filed by R. Bryan Edwards ("Edwards") and Craig Walker ("Walker", together with Edwards, the "Objecting Creditors"). In support of this Reply, INTL states as follows:

1. As set forth in the Motion, the Debtor and INTL are parties to the Agreement. The Mandatory Arbitration Provision of the Agreement requires the Debtor and INTL to submit all disputes arising under or related to the Agreement to FINRA arbitration. The Debtor is asserting non-core claims against INTL, which INTL disputes, under the Agreement, and the Debtor and INTL, consistent with the terms of the Mandatory Arbitration Provision, have submitted to the Pending Arbitration to address this dispute. (Doc. 26-1 at ¶ 23; Doc. 26-2 at Ex. A § 12(d)).

2. In addition to the Mandatory Arbitration Provision set forth in the Agreement, the FINRA Rules mandate FINRA arbitration of the dispute between the Debtor and INTL. *See*

---

[1] Capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the *Motion of INTL FCStone Financial, Inc. for Relief from the Automatic Stay* (Doc. 26) (the "Motion").

FINRA Rules 13100(q) and 13200(a), https://www.finra.org/rules-guidance/rulebooks/finra-rules.

3.     Subsequent to the Petition Date, on May 7, 2020, INTL filed its Motion prior to the current responsive pleading deadline in the Pending Arbitration—May, 29, 2020—requesting relief from the automatic stay to file its Arbitration Answer and counterclaims on a timely basis and otherwise participate fully in the Pending Arbitration. (*See* Doc. 26). The Debtor has agreed to the entry of a Consent Order (the "Consent Order") granting INTL's Motion to permit the Pending Arbitration to proceed in accordance with the Parties' Agreement; provided, however, INTL will only be permitted to pursue collection of any judgment it obtains against the Debtor in these bankruptcy proceedings. A copy of the Consent Order is attached hereto as **Exhibit A**.

4.     On May 14, 2020, the Debtor filed its *Combined Disclosure Statement and Plan of Liquidation* (Doc. 39) (the "Liquidating Plan"). If confirmed, the Liquidating Plan provides for the appointment of a liquidating trustee who will, upon the Effective Date (as that term is defined in the Liquidating Plan), acquire control over the Debtor's property, including but not limited to the Debtor's alleged causes of action against INTL in the Pending Arbitration. (Doc. 39 at § 7.3; *see also id*. at § 8.1(k)) (setting out the power and duty of the Liquidating Trustee "to act on behalf of the Debtor and the Estate in all … **arbitration** …, and **to settle**, retain, enforce, dispute or adjust any actions involving the Assets or Trust Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise ….") (emphasis added).

5.     On May 15, 2020, the Objecting Creditors filed their Objection, requesting that the Court deny INTL's Motion. According to the Objecting Creditors, INTL's Motion is due to be denied because the circumstances and authorities cited by INTL do not support a finding that

"cause" exists to lift or otherwise modify the automatic stay to permit the Pending Arbitration to proceed.

6. The Objecting Creditors also argue that INTL's Motion is due to be denied, and that the Pending Arbitration should not be permitted to proceed at this time, because the Debtor's principal, Alex McKenzie, has an incentive to "quickly … settle[], possibly at a steep discount, [the Debtor's claims against INTL] before the [Pending Arbitration] (including the proposed counterclaims) exposes facts harmful to Mr. McKenzie." (Doc. 45 at 12).

7. As set forth below, the Objecting Creditors' arguments miss the mark. The Court should overrule the Objecting Creditors' Objection and grant INTL's Motion.

**I.    The Authorities Cited by INTL Unequivocally Support its Request for Stay Relief.**

The Objecting Creditors' assert in their Objection that INTL's Motion is not supported by the very authorities cited by INTL in support thereof. The Objecting Creditors are wrong, and their argument deserves short shrift.

For example, INTL cites the *Zimmerman* case in support of its Motion. In *Zimmerman*, this Court held that cause existed to grant relief from the automatic stay to permit arbitration to proceed where, as here, arbitration of the relevant claims would be limited to liquidation of those claims in connection with a contract subject to a binding arbitration provision. *In re Zimmerman*, 341 B.R. 77, 79 (Bankr. N.D. Ga. 2006) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983); *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L. Ed. 2d 185 (1987)); *see also In re Dixon*, 428 B.R. 911, 915 (Bankr. N.D. Ga. 2010) ("Bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement in non-core proceedings"). *Zimmerman* clearly supports INTL's request for relief.

3

INTL also cites the Eleventh Circuit's decision in *Whiting-Turner Contracting Co., et al. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.)*, 479 F. 3d 791, 796 (11th Cir. 2007) in support of its request for relief. In *Electric Machinery*, a subcontractor filed a voluntary chapter 11 petition and then sought turnover from the general contractor of amounts allegedly due from the settlement of a contract dispute with the property owner. *Id*. at 793–95. In response, the general contractor sought to compel arbitration under the parties' pre-petition agreement and the FAA. *Id.* The Eleventh Circuit ultimately held that a bankruptcy court must enforce the parties' arbitration agreement if the proceeding is non-core in nature. *Id*. (citing *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F. 3d 160, 166 (2nd Cir. 2000)). If, and only if, the relevant claims implicate the court's core jurisdiction, then the bankruptcy court may determine "whether enforcing a valid arbitration agreement would inherently conflict with the underlying purposes of the Bankruptcy Code." *Id*.

Despite the Objecting Creditors' contention to the contrary, the *Electric Machinery* analysis applies to motions for relief from the automatic stay to proceed with arbitration. *See*, *e.g.*, *In re Bill Heard Enters., Inc.*, 400 B.R. 806, 812 (Bankr. N.D. Ala. 2009) (permitting arbitration of core proceedings pursuant to arbitration agreement where bankruptcy court found no inherent conflict with the Bankruptcy Code); *In re Shores of Panama, Inc*., 387 B.R. 864 (Bankr. N.D. Fla. 2008) (granting motion for relief from the automatic stay and to compel arbitration in the interests of expediency and economy); *In re Penison Worldwide, Inc., et al.*, 2013 WL 2491667 (Bankr. D. Del., June 11, 2013) (granting creditor's motion for relief from the automatic stay to bring claims against a debtor through a pending FINRA arbitration proceeding).

As set forth in the Motion, the application of the *Electric Machinery* analysis to the circumstances of this matter leads to the ineluctable conclusion that cause exists to grant INTL relief from the automatic stay to proceed in the Pending Arbitration.

**II.     The Prospective Appointment of a Liquidating Trustee and this Court's Oversight Eliminate any Potential Moral Hazard Alleged in the Objection.**

The Objecting Creditors admit that the motivating force behind their Objection is their concern that "the Debtor's current principal, Mr. McKenzie, [is] highly conflicted both in pursuing the arbitration and in attempting to resolve it … because … there will be critical issues surrounding Mr. McKenzie's personal behavior, culpability, and liability." (Doc. 45 at 11). The Objecting Creditors' concern is unfounded.

As set forth above, the Debtor seeks the appointment of a Liquidating Trustee in connection with its Liquidating Plan.  If confirmed, the Liquidating Trustee, subject to this Court's oversight, will owe a fiduciary duty to the Debtor's Estate—not just the Objecting Creditors—to pursue the Debtor's claims against INTL for the benefit of the Debtor's Estate — not just the Objecting Creditors—in the Pending Arbitration. (*See* Doc. 39, §§ 7.3, 8.1). *See also* 11 U.S.C. §§ 704(a), 1106(a) (imposing duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]").  Additionally, to the extent the Objecting Creditors become unsatisfied with the prospective Liquidating Trustee's efforts in the Pending Arbitration, the Objecting Creditors may seek relief from this Court.

Based on the foregoing, to the extent the Objecting Creditors are asserting that the Pending Arbitration should not be permitted to proceed at this time based on some perceived self-interest of Debtor's principal, such concern is misplaced.

5

**III.     The Pending Arbitration is in the Best Interests of All Interested Parties.**

As evidenced by the Debtor's first-day motions and the filing of its Liquidation Plan, the Debtor has determined that an efficient and orderly liquidation of its assets is in the best interests of its Estate. (*See generally* Docs. 10, 39). Consistent with this determination, the Debtor has agreed to the entry of a Consent Order granting INTL's Motion, which will, if entered, permit the Pending Arbitration to proceed efficiently before a panel of FINRA experts who routinely adjudicate similar disputes.  Such a result will promote judicial economy and the best interest of the Debtor's Estate by "reduc[ing] to money the property of the estate … as expeditiously as is compatible with the best interests of [all] parties in interest." 11 U.S.C. § 704(a)(1).  Although INTL believes the Pending Arbitration will not, in fact, result in any money judgment in favor of the Debtor or its estate, INTL does believe that allowing the Pending Arbitration to proceed will most efficiently and expeditiously resolve the Debtor's alleged causes of action, which benefits all parties attempting to analyze the Plan.

For the foregoing reasons, INTL respectfully requests the Court to deny the Objection and enter an Order granting the Motion.

Dated: May 20, 2020                              /s/Ryan D. Thompson
                                                            Ryan D. Thompson
                                                            *Attorney for INTL FCStone Financial, Inc.*

**OF COUNSEL**:

Ryan D. Thompson
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone:     (205) 254-1854
Facsimile:        (205) 254-1999
Email:             rthompson@maynardcooper.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and on the following:

John D. Elrod
GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia  30305
Telephone:     (678) 553-2259
Facsimile:      (678) 553-2269
Email:            elrodj@gtlaw.com

*Proposed Counsel for the Debtor*

Jonathan S. Adams
OFFICE OF THE U.S. TRUSTEE
362 Richard Russell Building
75 Ted Turner Drive
Atlanta, Georgia  30303
Telephone:     (404) 331-4437
Email:            jonathan.s.adam@usdoj.gov

*Counsel for U.S. Trustee*

Lucas W. Andrews
WATSON SPENCE LLP
Georgia Bar No. 019533
999 Peachtree Street NE
Suite 1130
Atlanta, Georgia  30309
Telephone:     (678) 433-6756
Email:            landrews@watsonspence.com

*Counsel for R. Bryan Edwards*

I further certify that I have served the foregoing via U.S. First Class mail, postage prepaid, and via email on the following:

Craig Walker
650 Glenbarrett Court NE
Marietta, Georgia  30066
Telephone:     (404) 416-9065
Email:            craig.walkeratl@gmail.com

*Pro Se*

/s/Ryan D. Thompson
*Of Counsel*